**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**


**BRENDA M. MCILVAIN**                                                                      **PLAINTIFF**


**V.**                                        **CASE NO. 5:16-CV-5359**


**NANCY A. BERRYHILL,[1] Commissioner**
**Social Security Administration**                                               **DEFENDANT**

**ORDER**

Plaintiff Brenda M. McIlvain appealed the Commissioner's denial of benefits to this

Court. On June 6, 2017, judgment was entered remanding Plaintiff's case to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15). Plaintiff now

moves for an award of $4,894.20 in attorney's fees and expenses under 28 U.S.C.

§ 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation

for 25.60 attorney hours of work before the Court at an hourly rate of $188.00 per hour

for work performed in 2016, and $192.00 per hour for work performed in 2017. (Docs.

16-17). Defendant filed a response to Plaintiff's application, stating that she does not

oppose an award to Plaintiff in the amount requested. (Doc. 18).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits

was substantially justified. The burden is on the Commissioner to show substantial

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social
Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal
Rules of Civil Procedure.

justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented  the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood*, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under

federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the Court may reduce the award accordingly. *Hensley*, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 5.25 hours of attorney work performed in 2016, at an hourly rate of $188.00; and 20.35 hours of attorney work performed in 2017, at an hourly rate of $192.00. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley,* 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

Pursuant to General Order 39,[2] which references the Consumer Price Index (CPI) – South, the Court finds that an enhanced hourly rate based on a cost of living increase is appropriate, and counsel will be compensated at $188 per hour in 2016, and $192.00 per hour in 2017.

---

[2] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the     nearest dollar:

2016 - 229.581 x 125 divided by 152.4 (March 1996 CPI-South) = $188.30/hour – $188.00.

2017 - 234.204 x 125 divided by 152.4 (March 1996 CPI-South) = $192.09/hour – $192.00.

The Court next addresses the number of hours Plaintiff's counsel claims she spent working on this case. Plaintiff's counsel submitted a total of 0.15 hour on March 8, 2017, March 9, 2017, and March 15, 2017, for receiving green cards from Defendants and noting to staff regarding the affidavit of service. Regarding this time, the Court notes that clerical or secretarial tasks are not compensable under the EAJA. *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). "[P]urely clerical or secretarial tasks should not be billed at [even] a paralegal rate regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 2471 n. 10 (1989). There is a plethora of district court cases reaching different conclusions as to whether tasks such as those detailed above are compensable or are considered purely clerical. *See e.g., Peters v. Colvin,* No. 15-CV-5198-JRC, 2016 WL 948958 at *5 (W.D. Wash. Mar. 14, 2016); *Zabawa v. Colvin,* 3:14-CV-3068-MEF, 2016 WL 164625 at *1 (W.D. Ark. Jan. 13, 2016); *Sheridan v. Colvin,* No. JKB-15-10, 2015 WL 5897735 at *2 (D. Md. Oct. 5, 2015); *Talmo v. Colvin,* No. ELH-14-2214, 2015 WL 5897707 at *2 (D. Md. Oct. 5, 2015); *Treadway v. Comm'r. of Social Security,* No. 1-13-cv-01248-SAB, 2014 WL 6901869 at *5-6 (E.D. Cal. Dec. 5, 2014); *Echtinaw v. Astrue,* No. C09-0024-RSL, 2009 WL 6040072 at *4 (W.D. Wash. Dec. 9, 2009); *Knudsen v. Barnhart,* 360 F.Supp.2d 963, 977 (N.D. Iowa 2004).

However, a review of the various decisions of the Circuit Courts of Appeals indicates that all that have addressed the issue, except the First Circuit, hold that tasks such as the filing of documents and preparing and serving summons are considered clerical and not compensable. *See Neil v. Comm'r. of Social Security,* 495 Fed. Appx.

845, 847 (9th Cir. 2012); *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 973(D.C. Cir. 2004); *Coleman v. Houston Independent School District,* No. 98-20692, 1999 WL 1131554 at *9 (5th Cir. Nov. 8, 1999). The Eighth Circuit does not appear to have addressed the issue. The First Circuit, in *Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992), held that tasks such as the filing of documents "ought not to be billed at lawyers' rates, even if a lawyer performs them." The Court held that the hours should not be completely eliminated, however, as the tasks "fell into the gray area between purely clerical tasks and those properly entrusted to a paralegal." *Id.* The Court concluded that, while the hours should not be compensated at the extravagant attorney-fee rate, which was incommensurate to the nature of the tasks, the hours could be compensated at the prevailing paralegal rate.

The undersigned finds the First Circuit's approach persuasive and a reasonable compromise when it is not clear whether tasks such as those at issue in this case should be classified as purely clerical. Accordingly, Plaintiff's attorney will be compensated for these other tasks at the prevailing hourly paralegal market rate, which, based on the paralegal rates submitted by other attorneys in this area, is $75.00.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 5.25 attorney hours for work performed in 2016, at an hourly rate of $188; 20.20 (20.35 – 0.15) attorney hours for work performed in 2017, at an hourly rate of $192; and 0.15 paralegal hour at an hourly rate of $75.00, for a total attorney's fee of $4,876.65. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Based upon the

5

holding in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**IT IS SO ORDERED AND ADJUDGED** this____8th____ day of August 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE